SHAUN A. NEWTON, Defendant Below-Appellant,
v.
STATE OF DELAWARE, Plaintiff Below-Appellee.
No. 486, 2008.
Supreme Court of Delaware.
Submitted: October 31, 2008.
Decided: November 25, 2008.
Before STEELE, Chief Justice, HOLLAND and BERGER, Justices

ORDER
RANDY J. HOLLAND, Justice.
This 25th day of November 2008, upon consideration of the appellant's opening brief and the appellee's motion to affirm pursuant to Supreme Court Rule 25(a), it appears to the Court that:
(1) The defendant-appellant, Shaun A. Newton, filed an appeal from the Superior Court's September 3, 2008, order denying his motion for correction of illegal sentence pursuant to Superior Court Criminal Rule 35(a). The plaintiff-appellee, the State of Delaware, has moved to affirm the Superior Court's judgment on the ground that it is manifest on the face of the opening brief that the appeal is without merit.[1] We agree and affirm.
(2) In December 2005, Newton pleaded guilty to two counts of Robbery in the First Degree, three counts of Conspiracy in the Second Degree, and one count of Robbery in the Second Degree. He was sentenced to a total of sixteen years and six months of Level V incarceration, to be suspended after six years and six months for decreasing levels of supervision. The Superior Court's sentencing order noted that all periods of probation would be served concurrently. Newton did not file a direct appeal.
(3) In a letter dated June 3, 2008, which responded to an inquiry from Newton regarding his Level V sentences, the Superior Court informed Newton that he had been given consecutive Level V sentences in accordance with Delaware law.[2] In response to the Superior Court's letter, Newton filed a motion to correct his Level V sentences, which he now claimed were illegal.
(4) In this appeal, Newton claims that the Superior Court improperly denied his Rule 35(a) motion because a) his plea agreement, as evidenced by the Superior Court's sentencing worksheets, provided that his Level V sentences were to run concurrently, not consecutively; b) the Superior Court's sentencing order violates double jeopardy; and c) the Superior Court incorrectly treated his motion as a Rule 35(b) motion.
(5) Rule 35(a) permits the Superior Court to correct an illegal sentence "at any time." Relief under Rule 35(a) is available when the sentence imposed exceeds the statutorily-authorized limits or violates double jeopardy.[3] A sentence also is illegal when it is ambiguous with respect to the time and manner in which it is to be served, is internally contradictory, omits a term required to be imposed by statute, is uncertain as to its substance, or is a sentence that the judgment of conviction did not authorize.[4] The "narrow function" of Rule 35(a) is to permit correction of an illegal sentence, not to serve as a means to attack the legality of a conviction or to raise claims of error allegedly occurring in the proceedings leading to the judgment of conviction.[5]
(6) Newton's first claim is meritless as a matter of fact and law. The sentencing worksheets on which he bases his claim are documents used solely for internal recordkeeping in the Superior Court and, as such, have no effect on the manner in which his sentences are to be served.[6] The relevant documents are the plea agreement, the TIS guilty plea form, and the Superior Court's sentencing order, which, in this case, reflect clearly that Newton's Level V sentences are to be served consecutively, in accordance with Delaware statutory law.[7] Because the principle of double jeopardy is not implicated in this case, Newton's second claim is legally without merit.[8] As for Newton's third claim, while the Superior Court judge alluded to Rule 35(b) in its order denying Newton's motion, Rule 35(a) was the essential basis for the Superior Court's decision that "[b]y law, all Level V time must be consecutive, not concurrent." Therefore, it, too, is without merit.
(7) It is manifest on the face of the opening brief that this appeal is without merit because the issues presented on appeal are controlled by settled Delaware law and, to the extent that judicial discretion is implicated, there was no abuse of discretion.
NOW, THEREFORE, IT IS ORDERED that the State of Delaware's motion to affirm is GRANTED. The judgment of the Superior Court is AFFIRMED.
NOTES
[1] Del. Supr. Ct. R. 25(a).
[2] Newton had questioned whether his Level V sentences were to be served consecutively or concurrently, since the Superior Court judge's sentencing worksheets noted that Newton's Level V sentences were to be "concurrent."
[3] Brittingham v. State, 705 A.2d 577, 578 (Del. 1998).
[4] Id.
[5] Id.
[6] Turner v. State, Del. Super., Cr.A. No. P93-06-0777, Cooch, J. (July 15, 1994).
[7] Del. Code Ann. tit. 11, § 3901(d) ("No sentence of confinement of any criminal defendant by any court of this State shall be made to run concurrently with any other sentence of confinement imposed on such criminal defendant.")
[8] Washington v. State, 836 A.2d 485, 487 (Del. 2003) (double jeopardy protects a defendant against a) successive prosecutions; b) multiple charges under separate statutes requiring proof of the same facts; and c) multiple charges under the same statute).